IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ANDERIA PIERCE-TRIPLETT, next friend of )
Minor KT,                                )
                                         )        Case No.
     Plaintiff,                         )        Hon.
                                         )        Mag.
v.                                       )
                                         )        **COMPLAINT AND**
UNIVERSITY PREP SCIENCE & MATH HIGH )             **JURY DEMAND**
SCHOOL, THE PUBLIC SCHOOL ACADEMIES)
OF DETROIT, DETROIT 90/90, F/N/U FIELDS )
PAUL MULUR, and JERRY LAWRENCE          )
In their individual and official capacity, jointly )
    and severally                     )
                                         )
    Defendants.                        )
_____ )

**INITIAL COMPLAINT AND JURY DEMAND**

    NOW COMES Plaintiff, ANDERIA PIERCE-TRIPLETT, next friend of

Minor KT (Minor KT hereinafter referred to as "Plaintiff"), through their attorney,

Raquel Muñoz of VAHDAT WEISMAN LAW, and for their initial Complaint and

Jury Demand against Defendants UNIVERSITY PREP SCIENCE & MATH HIGH

SCHOOL, THE PUBLIC SCHOOL ACADEMIES OF DETROIT, DETROIT

90/90 (hereinafter collectively known as "DISTRICT") , F/N/U FIELDS (hereinafter

"FIELDS"), CHALRES MULUR (hereinafter "MULUR"), and JERRY

LAWRENCE (hereinafter "LAWRENCE") states as follows:

1

**INTRODUCTION**

F/N/U FIELDS, was hired by Defendant DISTRICT as a history teacher for the UNIVERSITY PREP SCIENCE & MATH HIGH SCHOOL hereinafter "UPSM HIGH SCHOOL). While employed with Defendant DISTRICT, Defendant FIELDS assaulted Plaintiff's Minor KT by placing her in a guillotine choke. His assault on Plaintiff's Minor occurred on school DISTRICT property during school hours while the DISTRICT was responsible for supervising and managing Defendant FIELDS in his role as a teacher.

A school district, their employees, directors, and administrators, must be vigilant about protecting students from physical abuse perpetrated by other employees. The abuse at issue could have been prevented if the Defendant DISTRICT had properly trained, hired, supervised and managed Defendant FIELDS, their educator employee. At a minimum, Defendant DISTRICT was consciously and recklessly indifferent.

The individually named Defendants are each responsible through their actions and inactions for making Plaintiff's Minor KT, less safe. The DISTRICT is responsible for having a Constitutionally deficient policy, custom and practice that was a driving force behind the constitutional violations. Further, said DISTRICT ratified the unconstitutional actions of the individually named Defendants.

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the statutes and common law of the State of Michigan.

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983.

3. The actions alleged in this Complaint took place within Wayne County, State of Michigan, and as such, jurisdiction lies int eh United States District Court for the Eastern District of Michigan.

4. Venue in this Court is proper under 28 U.S.C. § 1391 (d).

5. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interests, costs and attorney fees.

## PARTIES

6. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

7. At all times relevant, Plaintiff's Minor KT, was a resident of Hamtramck, County of Wayne, State of Michigan.

8. At all times relevant, ANDERIA PIERCE-TRIPLETT, is the biological mother of KT, a Minor, and is a resident of Hamtramck, County of Wayne, State of Michigan.

9. At all times relevant, Defendants UPSM HIGH SCHOOL, THE PUBLIC SCHOOL ACADEMIES OF DETROIT, DETROIT 90/90 (hereinafter collectively known as "DISTRICT") was and are a domestic nonprofit corporation, duly organized and carrying out functions in the Detroit, Wayne County, State of Michigan. Its functions include: organizing, teaching, operating, staffing, training, and supervising the staff, counselors, and teachers at UPSM HIGH SCHOOL.

10. Upon information and belief, at all times relevant hereto, Defendant F/N/U FIELDS (hereinafter "FIELDS") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a history teacher for UPSM HIGH SCHOOL within the DISTRICT.

11. Upon information and belief, at all times relevant hereto, Defendant JERRY LAWRENCE (hereinafter "LAWRENCE") is a citizen of the State of

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

Michigan and was acting under the color of state law within the course and scope of his employment as Principal for UPSM HIGH SCHOOL within the DISTRICT.

12. Upon information and belief, at all times relevant hereto, Defendant PAUL MULUR (hereinafter "MULUR") is a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a physics teacher for UPSM HIGH SCHOOL within the DISTRICT.

## FACTUAL STATEMENT

13. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint as if fully set forth herein.

14. At all material times, Plaintiff's Minor KT, was a student attending high school UPSM HIGH SCHOOL within the DISTRICT.

15. At all material times, Defendants FIELDS, LAWRENCE, and MULUR all acted as an agent and representative of Defendant DISTRICT.

16. On or about June 5, 2024, Plaintiff's Minor was at school and on Defendant DISTRICT's premises.  Defendant FIELDS, while attempting to stop a school fight, physically battered and assaulted Plaintiff's Minor by placing a guillotine choke-hold around Plaintiff's Minor's neck and began to choke

Plaintiff's Minor; causing him to suffer injuries, including but not limited to scratches, back pain, neck pain, and mental trauma.

17. Upon information and belief, and at all times relevant, Defendant FIELDS, randomly grabbed Plaintiff's Minor KT and began choking her while several students were fighting and recording the incident.

18. While Defendant FIELDS had Plaintiff's Minor KT in a guillotine chokehold, Defendant MULUR stood by watching the assault occur and helped Defendant FIELDS by holding Plaintiff's Minor KT's arm.

19. Upon information and belief, and at all times relevant, Plaintiff's Minor KT, informed both Defendants FIELDS and MULUR that she could not breathe.

20. Under all the circumstances known to Defendants DISTRICT, LAWRENCE, and MULUR, the physical force used against Plaintiff's Minor, by Defendant, FIELDS, was objectively unreasonable and clearly excessive.

21. At all times relevant hereto, Defendants DISTRICT, LAWRENCE, and MULUR, owed a duty to Plaintiff's Minor KT, to ensure Defendant, FIELDS, exercised appropriate force and attempted to deescalate the situation.

22. At all times relevant, while Defendant FIELDS was berating and then strangling Plaintiff's Minor KT, Defendant MULUR failed to intervene as required under the law when he observed Defendant, FIELDS, wrongfully

(and illegally) restrained Plaintiff's Minor, applying excessive and unreasonable force, or otherwise violating Plaintiff's Minor's constitutionally protected rights.

23. At all times relevant, Defendant MULUR had the opportunity to intervene and prevent the above-described constitutional violations from occurring and assisted by holding onto Plaintiff's Minor KT's arm while she struggled to get out of the choke-hold.

24. At all times relevant, Defendants DISTRICT and LAWRENCE had the opportunity to intervene and prevent the above-described constitutional violations from occurring by properly hiring and training Defendant FIELDS and MULUR to interact with students of UPSM HIGH SCHOOL.

25. Upon information and belief, and at all times relevant, Defendants DISTRICT, LAWRENCE, MULUR and FIELDS had a policy to allow staff at Defendant UPSM HIGH SCHOOL to inflict physical punishment.

26. Defendants, violated Plaintiff's Minor's clearly established right to be free from unreasonable and excessive use of force, unlawful detention, and wrongful restraint as guaranteed by the Fourth Amendment incorporated to the states through the Fourteenth Amendment of the United States Constitution.

27. At all times relevant hereto Defendant FIELDS, repeatedly violated Plaintiff Minor's rights and used excessive force in violation of Plaintiffs' Fourth Amendment Rights.

28. The risk of harm that Defendant FIELDS posed to the students of UPSM HIGH SCHOOL, including Plaintiff's Minor KT, was obvious and known by all DEFENDANTS.

29. That each and every Defendant named herein made affirmative actions that created and increased the risk of harm and danger to UPSM HIGH SCHOOL students, and in particular, Plaintiffs' Minors' KT's vulnerability to the extremely violent behavior of Defendant FIELDS.

30. At all times pertinent hereto, DEFENDANTS DISTRICT and LAWRENCE, knew or should have known of Defendant FIELDS's incompetence and inability to control his emotions and or act in a professional capacity as a teacher.

31. The Defendant DISTRICT failed to properly train, monitor, direct, discipline, and supervise their employees, and knew or should have known that the employees would engage in the complained of behavior given the improper training, customs, procedures, and policies, and the lack of discipline that existed for employees.

32. Defendants' conduct was outrageous and shocks the conscience.

33. Defendants are not entitled to governmental and/or qualified immunity.

34. This cause of action is brought against Defendants in their individual and official capacities.

35. As a direct and proximate result of the Defendants gross negligence and discrimination, Plaintiff suffered injuries as set forth herein.

36. The conduct of Defendants amounted to a deliberate indifference to a risk of injury to Plaintiff's minor.

37. The conduct of Defendants was "wanton" and constituting a recklessness or callous neglect for the safety of Plaintiff's Minor.

38. The Defendants' deliberate indifference was the "moving force" behind the injuries suffered by the Plaintiff's Minor

39. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe embarrassment, humiliation, and mental and emotional distress and anguish.

40. As a direct and proximate result of Defendants' wrongful acts, Plaintiff suffered severe emotional, physical, and mental distress, anguish and economic loss in excess of $75,000 exclusive of costs, interest, and attorney fees.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

## COUNT I
## 42 U.S.C § 1983-VIOLTATION OF PLAINTIFF MINOR'S 4th and 14th AMENDMENT RIGHTS DEFENDANT JOSHUA FIELDS

41. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42. At all times relevant hereto, Defendant, FIELDS, was acting under the color of state law and in his capacity as a coach and hall-monitor for Defendant DISTRICT and his acts and/or omissions were conducted within the scope of his official duties and employment.

43. Plaintiff's Minor KT, had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force, unlawful detention, and wrongful restraint by a school employee.

44. Under all the circumstances known to Defendant, FIELDS, the physical force used against Plaintiff's Minor KT, was objectively unreasonable and clearly excessive.

45. Plaintiff's Minor KT was physically assaulted by strangulation and posed no threat to Defendant FIELDS or the public, and that by being strangled which caused injury to Plaintiff's Minor, Defendant FIELDS, violated Plaintiff's Minor's clearly established right to be free from unnecessary force,

Attorneys & Counselors at Law

VAHDAT WEISMAN
L A W

V|W

unreasonable force, and excessive force pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

46. At all times relevant hereto, Plaintiff's Minor KT, was unarmed, and did not pose a threat to the safety of Defendants or others.

47. The misconduct of Defendant, FIELDS, directly and proximately caused Plaintiff's Minor KT, to suffer numerous injuries including, but not limited to:

    a. Post-Traumatic Stress Disorder;

    b. Pain and suffering;

    c. Back pain;

    d. Neck pain;

    e. Anxiety;

    f. Mental Anguish;

    g. Emotional distress;

    h. Fright and Shock;

    i. Humiliation and/or mortification;

    j. Medical expenses;

    k. Punitive damages;

    l. Exemplary Damages;

    m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    o. Any other damages allowed by law.

48. The acts and/or omissions of Defendant, FIELDS, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff's Minor KT. Plaintiff therefore request an award of punitive and exemplary damages. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT II
## 42 U.S.C. § 1983: FAILURE TO INTERVENE TO PREVENT VIOLATION OF PLAINTIFFS' FOURTH AND FOURTEENTH AMENDMENT RIGHTS
## PAUL MULUR

49. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

50. Defendant MULUR had a duty to intervene when Defendant, FIELDS, violated Plaintiff's Minor KT's rights under the Fourth Amendment incorporated to the states through the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

51. Defendant MULUR observed and/or had reason to know that excessive force was being inflicted upon Plaintiff's Minor KT.

52. Defendant MULUR had the opportunity and means to intervene and prevent the violation of Plaintiff's Minor's constitutional rights.

53. Defendant MULUR failed to intervene which resulted in the infliction of excessive force and punishment upon Plaintiff's Minor KT, in violation of Plaintiffs' constitutionally protected rights.

54. The misconduct of Defendant MULUR directly and proximately caused Plaintiff's Minor KT, to suffer numerous injuries including, but not limited to:

    a.  Post-Traumatic Stress Disorder;

    b.  Pain and suffering;

    c.  Back pain;

    d.  Neck pain;

    e.  Anxiety;

    f.  Mental Anguish;

    g.  Emotional distress;

    h.  Fright and Shock;

    i.  Humiliation and/or mortification;

    j.  Medical expenses;

    k.  Punitive damages;

    l.  Exemplary Damages;

    m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o. Any other damages allowed by law.

55. The acts and/or omissions of Defendant MULUR, were willful, wanton, reckless, malicious, oppressive, and/or done with a conscious or reckless disregard for the constitutional rights of Plaintiff's Minor KT. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiffs have retained private counsel to represent them in this matter and are entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT III
## VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988  STATE CREATED DANGER AS TO DEFENDANTS ALL DEFENDANTS

56. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

57. As a citizen of the United States Plaintiff's Minor KT is entitled to all rights, privileges, and immunities accorded to all citizens of the State of Michigan and of the United States.

58. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiff's Minor KT, had a clearly established right to be free from danger created and/or increased by the Defendants.

59. At all times relevant hereto, that the Defendants DISTRICT, FIELDS, LAWRENCE, and MULUR, were acting under the color of state law and created and/or increased a state created danger by substantially increasing the risk of harm to Plaintiff's Minor KT and in reckless disregard to Plaintiffs' safety, thereby increasing the risk that Plaintiff's Minor would be exposed to Defendant FIELDS's acts of violence.

60. That actions by Defendants DISTRICT, LAWRENCE, FIELDS and MULUR under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiffs' Minor KT and in reckless disregard to his safety.

61. That each and all Defendants, were acting under the color of state law when they deprived Plaintiffs' Minor KT of her clearly established rights,

privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

62. Defendants created and tolerated an atmosphere of lawlessness, and has developed and maintained long-standing, school-wide customs, policies, procedures, customs, practices, and/or failed to properly train and/or supervise its teachers and employees in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff's Minor and of the students of the UPSM HIGH SCHOOL.

63. Defendants, through their own actions and/or policies, practices, procedures and supervision, or lack thereof, violated clearly established law and no reasonable official would believe the actions described herein were lawful.

64. At all times relevant to this Complaint, Defendant DISTRICT had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of Defendant FIELDS.

65. That each and every individual Defendant exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, by taking affirmative actions resulting in the students and Plaintiff's Minor in particular being less safe than they were before the actions and inactions of each and every Individual Defendant.

66. Defendants are liable for the violation of Plaintiff's federal constitutional rights pursuant to 42 U.S.C. § 1983 in failing to provide proper supervision and training to prevent this type of unlawful, discriminatory abuse.

67. That the above-described conduct of Defendants DISTRICT, LAWRENCE, FIELDS and MULUR as specifically set forth above, were the proximate cause of Plaintiff's Minor's injuries and damages, including but not limited to the following:

    a. Post-Traumatic Stress Disorder

    b. Pain and suffering;

    c. Back pain;

    d. Neck pain;

    e. Anxiety;

    f. Mental Anguish;

    g. Emotional distress;

    h. Fright and Shock;

    i. Humiliation and/or mortification;

    j. Medical expenses;

    k. Punitive damages;

    l. Exemplary Damages;

    m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

    n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

    o. Any other damages allowed by law.

68. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT IV**
**VIOLATION OF CIVIL RIGHTS PURSUANT TO THE 14TH AMENDMENT TO THE CONSTITUTION AND 42 U.S.C. §1983, 1988 – SUPERVISORY LIABILITY DEFENDANTS PRINCIPAL LAWRENCE,**

69. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

70. At all times relevant hereto, Defendant LAWRENCE, was the principal at UPSM HIGH SCHOOL, who was the direct supervisor and oversaw the actions of Defendants FIELDS and MULUR, and encouraged the specific incident of misconduct and/or directly participated in it by not suspending, disciplining, investigating or firing Defendant FIELDS and MULUR for prior violent and aggressive behavior with other students and parents of DISTRICTs.

71. By inadequately training and/or supervising their teachers, and having a custom or policy of indifference to the constitutional rights of their citizens, and/or by failing to adequately supervise Defendant FIELDS and MULUR,

Defendant LAWRENCE encouraged and cultivated the conduct which then caused a violation of Plaintiff Minor's rights under the Fourteenth Amendments of the United States Constitution.

72. By not suspending, disciplining, investigating or firing Defendant FIELDS and MULUR, Defendants LAWRENCE authorized, approved, or knowingly acquiesced in the unconstitutional conduct of Defendant FIELDS and MULUR by allowing FIELDS and MULUR to continue to work with the DISTRICTs.

73. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiffs' Minor KT, had a clearly established right to be free from dangers created by the Defendants.

74. That actions and omissions by Defendant, LAWRENCE, FIELDS and MULUR, under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately and indifferently to Plaintiff's Minor KT, and in reckless disregard to their safety.

75. That Defendants, LAWRENCE, FIELDS and MULUR were acting under the color of state law when they deprived Plaintiff's Minor KT of their clearly established rights, privileges, and immunities in violation of the 14th

Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

76. The Defendant exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to be free from acts that create the risk of harm and/or increase the risk of harm that an individual will be exposed to private acts of violence, to wit:

   a. Deliberately and intentionally misleading students and parents that there has been no threat to the students of UPSM HIGH SCHOOL;

   b. Deliberately and intentionally allowing Defendant FIELDS and MULUR to continue to work as an employee of DISTRICTs;

   c. Demonstrating conduct so reckless that it demonstrates a substantial lack of concern for whether any injury would result;

   d. Wrongfully causing Plaintiff's Minor to suffer extreme emotional distress;

   e. Any and all other breaches that may become known throughout the course of this litigation.

77. That the above-described conduct of Defendants, LAWRENCE, FIELDS, and MULUR as specifically set forth above, were the proximate cause of Plaintiff's Minor's injuries and damages, including but not limited to the following:

   a. Post-Traumatic Stress Disorder

   b. Pain and suffering;

   c. Back pain;

   d. Neck pain;

e.  Anxiety;

f.  Mental Anguish;

g.  Emotional distress;

h.  Fright and Shock;

i.  Humiliation and/or mortification;

j.  Medical expenses;

k.  Punitive damages;

l.  Exemplary Damages;

m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o.  Any other damages allowed by law.

78. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

### COUNT V
### DELIBERATE INDIFFERENCE –
### VIOLATION OF DUE PROCESS
### AND THE 4TH AMENDMENT TO THE U.S. CONSTITUTION
### ACTIONABLE PURSUANT TO 42 USC §1983

79. Plaintiff hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

80. Defendant FIELDS purposely and intentionally detained, accosted, assaulted, threatened physically abused, and battered the Plaintiff's Minor knowing that such use of force was unreasonable and unnecessary under the circumstances.

81. Such actions constitute a violation under color of law of Plaintiff's Minor fundamental substantive due process rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

82. Plaintiff's Minor constitutionally protected rights that Defendants violated include her right to liberty protected in the substantive component of the Due Process Clause of the Fourth and Fourteenth Amendment, which includes personal safety, and her right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the Fourteenth Amendment.

83. The Defendants owed Plaintiff's Minor a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive coercion or force.

84. Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiffs' Minor, PH, had a clearly established right to be free from dangers created by the Defendants.

85. That actions and omissions by Defendants under the 14th Amendment to the United States Constitution, as well as 42 U.S.C. §1983 and §1988 were all performed under the color of state law and were objectively unreasonable and

Attorneys & Counselors at Law

VAHDAT WEISMAN
L A W

V|W

performed knowingly, deliberately and indifferently to Plaintiff's Minor, PH, and in reckless disregard to her safety.

86. That Defendant FIELDS was acting under the color of state law when he deprived Plaintiff's Minor, PH of their clearly established rights, privileges, and immunities in violation of the 14th Amendment of the Constitution of the United States, and of 42 U.S.C. §1983 and §1988.

87. The Defendants exhibited deliberate indifference, pursuant to the Fourteenth Amendment to the United States Constitution, to be free from acts that create the risk of harm and/or increase the risk of harm that an individual will be exposed to private acts of violence.

88. That the above-described conduct of Defendants, as specifically set forth above, were the proximate cause of Plaintiff's Minor's injuries and damages, including but not limited to the following:

    a. Post-Traumatic Stress Disorder

    b. Pain and suffering;

    c. Back pain;

    d. Neck pain;

    e. Anxiety;

    f. Mental Anguish;

    g. Emotional distress;

    h. Fright and Shock;

    i. Humiliation and/or mortification;

j.   Medical expenses;

k.   Punitive damages;

l.   Exemplary Damages;

m.  Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n.   Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o.   Any other damages allowed by law.

89. Defendants are not entitled to governmental or qualified immunity.

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

### COUNT VI
### 42 U.S.C. § 1983 – *MONELL* LIABILITY
### DEFENDANT DISTRICT

90. Plaintiffs hereby reincorporate and reassert each and every allegation set forth in the previous paragraphs of this Complaint.

91. At all times relevant, Defendant DISTRICT failed adequately to train, discipline and supervise Defendants, LAWRENCE, FIELDS and MULUR, promulgating and maintaining de facto unconstitutional customs, policies, or practices rendering them liable for the constitutional violations alleged herein

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

under *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658 (1978).

92. At all times relevant, Defendant DISTRICT knew or should have known that the policies, procedures, training supervision and discipline of Defendants, LAWRENCE, FIELDS and MULUR, were inadequate for the tasks that each Defendant was required to perform.

93. At all times relevant, Defendant, DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their actions did not create or increase the risk Plaintiffs' Minor KT, would be exposed to acts of violence.

94. At all times relevant, Defendant, DISTRICT failed to establish, implement, or execute adequate policies, procedures, rules and regulations to ensure that their teachers and staff do not take actions that create or increase the risk of harm to district's students at UPSM HIGH SCHOOL, such as Plaintiffs' Minor KT.

95. At all times relevant, Defendant DISTRICT was on notice or should have known, of a history, custom, propensity, and pattern for Defendants, LAWRENCE, FIELDS and MULUR and other employees of UPSM HIGH SCHOOL, to fail to properly identify a school employee with violent tendencies and acted in such a way that created a risk of harm to UPSM HIGH

SCHOOL students and/or increased a risk of harm to UPSM HIGH SCHOOL students, such as Plaintiff's Minor KT.

96. Defendant DISTRICT explicitly and implicitly authorized, approved, or knowingly acquiesced in the deliberate indifference to the strong likelihood that constitutional violations, such as in the instant case, would occur, and pursued policies, practices, and customs that were a direct and proximate cause of the deprivations of Plaintiffs' constitutional rights.

97. At all times relevant, Defendant DISTRICT knew that its policies, procedures, customs, propensity and patterns of supervising and/or investigating an employee with violent tendencies and demeanor, would deprive citizens, such as Plaintiffs' Minor KT, of their constitutional rights.

98. At all times relevant, Defendant DISTRICT knew that its policies, procedures, customs, propensity and patterns allowed principals, assistant principals, coaches, hall-monitors, and teachers to return an employee with violent tendencies and demeanor back to regular job status such that their actions and/or inactions created a risk of harm and/or an increased risk of harm to the students at UPSM HIGH SCHOOL before getting permission from proper authorities.

99. By inadequately training and/or supervising their principals, assistant principals, coaches, hall-monitors, and teachers and having a custom or policy

of deliberate indifference to the constitutional rights of their citizens, Defendant, DISTRICT, encouraged and cultivated the conduct which violated Plaintiff Minor's rights under the Fourteenth Amendments of the United States Constitution, and provided clearance for Defendant FIELDS to commit his acts of violence, thereby increasing the risk that Plaintiff's Minor KT, would be exposed to Defendant FIELDS's acts of violence.

100.    That the above-described conduct of Defendants was the proximate cause of Plaintiffs' Minor KT's injuries and damages, including but not limited to the following:

a. Post-Traumatic Stress Disorder;

b. Pain and suffering;

c. Back pain;

d. Neck pain;

e. Anxiety;

f. Mental Anguish;

g. Emotional distress;

h. Fright and Shock;

i. Humiliation and/or mortification;

j. Medical expenses;

k. Punitive damages;

l. Exemplary Damages;

m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

   o. Any other damages allowed by law.

101. Defendants are not entitled to governmental or qualified immunity.

  **WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT VII– GROSS NEGLIGENCE**
**DEFENDANT LAWRENCE, FIELDS AND MULUR**

102. Plaintiff hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

103. At all times relevant hereto, and pursuant to Michigan Law, Defendant LAWRENCE, owed a duty to act with care for the safety of the public while acting as principal of UPSM HIGH SCHOOL and specifically owed duties to Plaintiffs' Minor KT, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

104. At all times relevant hereto, and pursuant to Michigan Law, Defendant FIELDS, owed a duty to act with care for the safety of the public while acting as a history teacher and employee of UPSM HIGH SCHOOL and specifically owed duties to Plaintiffs' Minor KT, which duties include, but are not limited

to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

105.     At all times relevant hereto, and pursuant to Michigan Law, Defendant MULUR, owed a duty to act with care for the safety of the public while acting as a physics teacher of UPSM HIGH SCHOOL and specifically owed duties to Plaintiffs' Minor KT, which duties include, but are not limited to, obeying all laws, statutes and local ordinances in a way that is not grossly negligent.

106.     Defendants DISTRICT and LAWRENCE had actual knowledge of the threats of violence made against students of UPSM High School.

107.     Despite the posts and knowledge of threats of violence Defendants DISTRICT and LAWRENCE brushed off any concerns.

108.     While acting as principal of the UPSM HIGH SCHOOL, Defendant LAWRENCE knew or should have of Defendant FIELDS violent and aggressive behavior.

109.     While acting as a history teacher of the UPSM HIGH SCHOOL, Defendant FIELDS knew or should have known that his prior and current conduct was a threat to the students of UPSM HIGH SCHOOL.

110.     At all times relevant hereto, Defendants, LAWRENCE, FIELDS and MULUR conduct was so reckless that it demonstrated a substantial lack of concern for whether an injury resulted when he acted as set forth above.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

111.    The actions referenced above by Defendants, LAWRENCE, FIELDS and MULUR caused Plaintiffs' Minor KT, serious injuries to his person including, but not limited to:

     a.  Post-Traumatic Stress Disorder;

     b.  Pain and suffering;

     c.  Back pain;

     d.  Neck pain;

     e.  Anxiety;

     f.  Mental Anguish;

     g.  Emotional distress;

     h.  Fright and Shock;

     i.  Humiliation and/or mortification;

     j.  Medical expenses;

     k.  Punitive damages;

     l.  Exemplary Damages;

     m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

     n.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

     o.  Any other damages allowed by law.

112.    The above actions committed by Defendants, ZACHERY-ROSS, LAWRENCE, HARRIS, FIELDS and MULUR were committed while acting under the course and scope of their employment with DISTRICT.

Attorneys & Counselors at Law

VAHDAT WEISMAN
LAW

V|W

113.    The above actions committed by Defendants, LAWRENCE, FIELDS and MULUR put the students at UPSM HIGH SCHOOL and specifically Plaintiffs' Minor KT, in great danger.

114.    That Defendants, LAWRENCE, FIELDS and MULUR acts were the direct cause of KT's injuries.

115.    That Defendants, LAWRENCE, FIELDS and MULUR acts were the proximate cause of KT's injuries.

116.    But for Defendants, LAWRENCE, FIELDS and MULUR actions and inactions, KT would have had an opportunity to escape the violent encounter she had with Defendant FIELDS.

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

**COUNT VIII**
**ASSAULT AND BATTERY, DEFENDANT FIELDS**

117.    Plaintiff herein incorporates by reference all other paragraphs of this Complaint as if fully set herein.

118.     At all times relevant hereto, Defendant, FIELDS, made threatening movements creating within Plaintiff's Minor KT, a well-founded fear of imminent peril and/or contact.

119.     Defendant, FIELDS, had the apparent ability to carry out the act if not prevented.

120.     Defendant, FIELDS, physically attacked Plaintiff's Minor KT, when he placed his arm around Plaintiff's minor's neck in a guillotine choke and began strangling Plaintiff's minor for several seconds.

121.     As a direct and proximate result of Defendant FIELDS's assault and battery of Plaintiff's Minor, Plaintiff's Minor suffered injury and damage, past, present and future, including the following:

    a.  Post-traumatic stress disorder;
    b.  Pain and suffering;
    c.  Back pain;
    d.  Neck pain;
    e.  Anxiety;
    f.  Mental Anguish;
    g.  Emotional distress;
    h.  Fright and Shock;
    i.  Humiliation and/or mortification;
    j.  Medical expenses;
    k.  Punitive damages;
    l.  Exemplary Damages;

32

m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o. Any other damages allowed by law.

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

## COUNT IX- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS/ NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS TO PLAINTIFF'S MINOR KT BY ALL DEFENDANTS

122.    Plaintiffs' Minor hereby reincorporate each and every allegation set forth in the preceding paragraphs of this Complaint as if fully set forth herein.

123.    At the time of the above-described incident, Defendants acted in an extreme and outrageous manner. Their actions went beyond all bounds of decency.

124.    At the time of the above-described incident, Defendants acted in a manner that was so reckless as to demonstrate a substantial lack of concern for whether an injury results.

125.     Defendants intentionally and/or recklessly caused young KT to suffer

severe mental and emotional distress and to be injured physically, mentally,

and emotionally.

126.     The actions of all Defendants caused serious emotional injuries

resulting in physical manifestations and/or physical consequences as the direct

result of Defendants' conduct including, but not limited to increased anxiety,

nightmares, dizziness, neck pain, back pain, mental anguish.

127.     Additionally, and as the direct result of the actions taken by the

Defendants, Plaintiff's Minor KT, suffered serious injuries to her person

including, but not limited to:

    a.  Post-traumatic stress disorder;

    b.  Pain and suffering;

    c.  Back pain;

    d.  Neck pain;

    e.  Anxiety;

    f.  Mental Anguish;

    g.  Emotional distress;

    h.  Fright and Shock;

    i.  Humiliation and/or mortification;

    j.  Medical expenses;

    k.  Punitive damages;

    l.  Exemplary Damages;

    m. Attorneys fees and costs pursuant to 42 U.S.C. §1988;

n.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and

o.  Any other damages allowed by law

**WHEREFORE**, Plaintiff ANDERIA PIERCE-TRIPLETT, as Next Friend of Plaintiff's Minor KT, respectfully request this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

**VAHDAT WEISMAN LAW**

BY: */s/ Raquel Muñoz*
RAQUEL MUNOZ (P77420)
*Attorney for Plaintiff*
17197 N. Laurel Park Dr. Ste 500
Livonia, MI 48152
(734) 469-4994
raquel@thevwlaw.com

Dated: August 1, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ANDERIA PIERCE-TRIPLETT, next friend of )
Minor KT,                                )
                                         )   Case No.
        Plaintiff,                       )   Hon.
                                         )   Mag.
v.                                       )
                                         )
UNIVERSITY PREP SCIENCE & MATH HIGH )        **JURY DEMAND**
SCHOOL, THE PUBLIC SCHOOL ACADEMIES)
OF DETROIT, DETROIT 90/90, F/N/U FIELDS )
PAUL MULUR, and JERRY LAWRENCE          )
In their individual and official capacity, jointly )
        and severally                    )
                                         )
        Defendants.                      )
_____)

**DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, ANDERIA PIERCE-TRIPLETT as Next Friend of

Minor KT, by and through their attorney, RAQUEL MUÑOZ of VAHDAT

WEISMAN LAW and hereby demands a trial by jury in the above-captioned matter.

Respectfully submitted,

**VAHDAT WEISMAN LAW**

BY: */s/ Raquel Muñoz*
RAQUEL MUNOZ (P77420)
*Attorneys for Plaintiff*
17197 N. Laurel Park Dr. Ste 500
Livonia, MI 48152
(734) 469-4994
Dated: August 1, 2024                    raquel@thevwlaw.com

36